> In describing our jurisdiction we have held that Congress' jurisdictional authorization extends our original jurisdiction to suits challenging "(1) the constitutionality of the Act; (2) the constitutionality of any action taken pursuant to the Act's statutory authority; (3) final actions or other decisions by BPA or the Northwest Power Planning Council, *taken pursuant to the Act's statutory authority*; and (4) the implementation of final actions by BPA or the Northwest Power Planning Council, *taken pursuant to the authority of any of four enumerated federal power statutes." Pacific Power & Light Co. v. Bonneville Power Admin. 795 F.2d 810, 814 (9th Cir. 1986).*

*Id.* at 649. (Emphasis added).

Noting that jurisdiction under the Northwest Power Act "should be a function of the agency whose actions are being challenged rather than a function of the cause of action which petitioner asserts," *id.* the *Clark County* Court held that the "proper inquiry focuses on the agency action being attacked and *whether the factual basis for that attack is an agency action authorized by the Act." Id.* (Emphasis added.) "This court has never reviewed a breach of contract claim based upon alleged facts outside the administrative record of an agency action under the Act." *Id.* at 649. It recognized, "[t] his court is particularly ill-equipped to hear tort and contract actions requiring the resolution of factual disputes because ours is an appellate rather than a trial tribunal." *Id.* at 650. "We therefore hold that claims involving alleged contractual breaches by the agency and based on allegations of facts outside an administrative record must be heard in the claims court." *Id.* at 650. Accordingly, it took jurisdiction only of the claim that BPA had arbitrarily and capriciously decided not to purchase power.[3] It is this analysis that

---

[3] *Accord Puget Power & Light Co. v. Bonneville Power Admin.* 795 F.2d 810 (9th Cir. 1986).

the Federal Circuit Court found persuasive in reversing the CFC determination in the *City of Burbank*, supra.

The Court's emphasis on the existence of a record is grounded in the controlling statutes. Those statutes require this Court's review to be limited to cases in which a record exists. Section 839f(e)(2) of the Northwest Power Act limits review to the administrative record prepared pursuant to the Act:

> The record upon review of such final actions shall be limited to the administrative record compiled in accordance with this chapter. The scope of review of such actions without a hearing or after a hearing shall be governed by section 706 of title 5.

If there is no record that is relevant to the dispute, as is the situation in this matter here, the Court has nothing to review. Moreover, section 839f(e) indicates that review is pursuant to the procedures of 5 U.S.C. 706, but that section again bases review on the administrative record: "In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party." And again, in the absence of a record, there can by no review by this Court.

## IV. CONCLUSION

SCE moves the Court for an order either dismissing this matter on the basis that jurisdiction properly lies in the CFC as under the reasoning of the Federal Circuit Court in *Burbank*, providing SCE leave to file such claim when it is appropriate to do so, or allowing for discovery in this matter pursuant to *Public Power Council v. Johnson*, 674 F.2d 79 (9th Cir. 1982), relying upon *Camp v Pitts*, 411 U.S. 138, 143, 93 S.Ct. 1241, 1244, 36 L.Ed. 2d 106 (1973) and consideration by this Court of the damages incurred by SCE as a result of BPA's unilateral amendment of the Contract. This case, which centers upon allegations that BPA

breached certain provisions of its Contract with SCE, the existence of which are not required by any of its governing statutes, falls outside the jurisdiction of this Court. The proper court to consider contract questions such as these is the CFC. SCE hereby requests this court to dismiss this matter on the ground that this is an action for a breach of contract, outside any administrative record and giving SCE leave to refile this claim at the CFC in due course. If the Court decides to specifically assume jurisdiction over these contractual matters SCE requests that it be given a opportunity to fully develop its case, including conducting discovery, participate in an evidentiary hearing respecting its damages, and to seek a damage award in the amount that makes SCE whole for BPA's breach.

DATED this December 19, 2001

Respectfully submitted,

Ann L. Fisher /SPH

Ann L. Fisher
Legal Consulting Services
1425 S.W. 20th, Suite 202
Portland, OR 97201
(503) 721-0181 (telephone)
(503) 223-2305 (fax)
enerGlaw@aol.com

Leon Bass, Jr. /SPH

Leon Bass, Jr., Senior Attorney
Southern California Edison Co.
2244 Walnut Grove Ave.
Rosemead, CA 91770
(626) 302-6967 (phone)
(626) 302-1922 (fax)
BassL@SCE.com

Attorneys for Petitioner
SOUTHERN CALIFORNIA
EDISON COMPANY

PROOF OF SERVICE BY U.S. MAIL

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 33 New Montgomery Street, 19th Floor, San Francisco, California 94105-9781.

On December 19, 2001, I served the foregoing document described as:

**[1] MOTION OF PETITIONER SOUTHERN CALIFORNIA EDISON COMPANY FOR CLARIFICATION OF JURISDICTION; and [2] DECLARATIONS OF ROBERT KENDALL and LEON BASS IN SUPPORT HEREOF; and [3] MOTION TO SUSPEND BRIEFING SCHEDULE.;**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

David J. Adler
Special Assistant U.S. Attorney
**BONNEVILLE POWER ADMINISTRATION**
905 N.E. 11th Avenue
Portland, OR 97208

Thomas C. Lee
Senior Assistant U.S. Attorney
**U.S. ATTORNEY'S OFFICE**
1000 SW Third Avenue
Suite 600
Portland, OR 97204

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date

or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2001, at San Francisco, California.

Paula C. Douglas

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

No. 00 - 70720

SOUTHERN CALIFORNIA EDISON COMPANY,

Petitioner,

v.

BONNEVILLE POWER ADMINISTRATION,

Respondent.

BONNEVILLE POWER ADMINISTRATION'S
(1) MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE FOR FAILURE TO PROSECUTE, AND
(2) RESPONSE TO SOUTHERN CALIFORNIA EDISON'S MOTION FOR CLARIFICATION OF JURISDICTION AND MOTION TO SUSPEND BRIEFING SCHEDULE

## A. Introduction

The Bonneville Power Administration (Bonneville) hereby moves to dismiss the petition for review filed by petitioner Southern California Edison (SCE), and responds to SCE's motions, dated December 19, 2001, for

clarification of jurisdiction and to suspend the briefing schedule. SCE's petition should be dismissed for any of four separate reasons.

First, SCE concedes this Court lacks jurisdiction over its own case. Second, as explained in Bonneville's original motion to dismiss, filed August 2, 2001, this Court lacks subject matter jurisdiction because SCE has not challenged a final action. Third, SCE has failed to prosecute this case in violation of Ninth Circuit Rule 42-1 by failing to file its brief in accordance with this Court's order of December 19, 2001. Fourth, SCE's failure to file its brief violates Ninth Circuit Rule 31-2.3.

Both parties agree this Court lacks jurisdiction over the subject matter of this case. The principal jurisdictional issue is whether this case should simply be dismissed, as Bonneville requests, or whether this case should be dismissed and this Court should issue an opinion "clarifying" jurisdiction, as SCE requests. In the alternative, Bonneville urges this Court to dismiss this case for failure to prosecute because SCE failed to file its opening brief in violation of Circuit Rules 42-1 and 31-2.3[1].

[1] The instant case is related to case numbers No. 01-70582 and No. 01-71406. *See* Order, dated October 15, 2001. On November 20, 2001, SCE filed a motion for clarification or a stay of proceedings in No. 01-70582 that is identical in all material respects to the motion for clarification filed by SCE in the instant case. SCE concedes this Court lacks jurisdiction over its petitions in both No. 01-70582 and the instant case. Accordingly, Bonneville believes No. 01-70582 and the instant case should be dismissed, and unless SCE shows cause otherwise, its petition in No. 01-71406 should be dismissed as well.

## B. Background

The instant case was initiated when SCE filed its petition for review on June 16, 2000, more than 18 months ago. SCE filed its petition pursuant to section 9(e)(5) of the Northwest Power Act and sought review of:

> the Administrator's Final Record of Decision ("Final ROD") for the Firm Power Products and Services Rate Adjustment Proposal (FPS-96R-A-02) and to clarify the applicability of the FPS-96R rate as applied to the Power Sale and Exchange Agreement between SCE and BPA, dated October 18, 1988 . . .

SCE Petition, 1.

On August 2, 2001, Bonneville filed a motion to dismiss this case for lack of subject matter jurisdiction. Bonneville argued that SCE challenged a preliminary rate determination, rather than a final rate determination, and therefore it failed to challenge a final action as required by section 9(e)(5) of the Northwest Power Act, 16 U.S.C. § 839f(e)(5). *See* Bonneville Motion to Dismiss, 5.

In response to Bonneville's motion to dismiss, SCE alleged that, contrary to Bonneville's arguments, SCE was in fact challenging a final action under the Northwest Power Act. As stated by SCE, "BPA's unilateral modification of the Contract . . . is a final action for purposes of the

Northwest Power Act. . . . In addition, BPA's decision to apply a new rate to an existing contract is an implementation of the contractual terms and therefore itself a final action." *See* SCE Response To Bonneville Power Administration's Motion to Dismiss, p. 4. On October 16, 2001, this Court denied Bonneville's motion to dismiss "without prejudice to renewing the arguments in the answering brief." Given that SCE has failed to file its opening brief and now concedes it does not challenge a final action under the Northwest Power Act, Bonneville hereby renews its earlier motion to dismiss and incorporates that motion by reference.

On September 22, 2001, SCE and Bonneville filed a Joint Motion To Vacate And Reset The Briefing Schedule in the instant case as well as the other two related cases (Nos. 01-70582, and 01-70406). On October 15, 2001, the joint motion was granted. In accordance with the October 15, 2001 order, SCE's opening brief in the instant case was due on December 19, 2001.

SCE did not file its opening brief on December 19, 2001. Instead, SCE filed the instant motion for clarification of jurisdiction, and motion to suspend the briefing schedule. SCE filed no pleadings prior to December 19, 2001 to advise Bonneville or the Court that it would not file its opening brief in accordance with this Court's order. On December 21, 2001,

Bonneville filed an unopposed motion for extension of time to respond to SCE's instant motions. At the time of filing the instant pleading, Bonneville's motion was still pending.

**C. SCE's Motion For Clarification of Jurisdiction and Motion To Suspend the Briefing Schedule Contradicts SCE's Previous Position Regarding This Court's Jurisdiction.**

On December 19, 2001, SCE filed a motion for clarification of jurisdiction and a motion to suspend the briefing schedule. In its motions, SCE repudiates its earlier arguments and expressly argues that its claim "is not a challenge to a final action contemplated by the Northwest Power Act." SCE Motion, 6. Rather, SCE alleges that its claim is a breach of contract action governed by the Tucker Act, 28 U.S.C. 1346(a)(1) and supported by the reasoning of *City of Burbank v. United States*, 273 F. 3d 1370 (Fed. Cir., 2001), 2001 U.S. App. LEXIS 26688 (Fed. Cir. Dec. 17, 2001). SCE Motion, 10-15. According to SCE "the proper forum for this action, in which SCE seeks damages from BPA, is the CFC [Court of Federal Claims]." SCE Motion, 11. As a result, as stated by SCE:

> SCE moves the Court to dismiss this matter under the same reasoning of the Federal Circuit in City of *Burbank v. United States* .. . by finding that this is an action for a breach of contract, outside any administrative record, which does not arise under the [Northwest Power Act]. SCE's claim relates solely to contractual provisions outside the specific requirements of the Northwest Power Act and thus resolution of these contractual disputes lie within the exclusive jurisdiction of the Court of Federal Claims under *Burbank*.

SCE Motion, 2.

**D. SCE's Petition Should Be Dismissed.**

Bonneville agrees with SCE that this Court lacks jurisdiction over SCE's petition for review. Accordingly, Bonneville supports SCE's motion to the extent SCE seeks an order "dismissing this matter." SCE Motion, 14. However, Bonneville believes it would be inappropriate and erroneous for this Court to grant SCE's request to issue an opinion stating that "jurisdiction properly lies in the CFC [Court of Federal Claims] as under the reasoning of the Federal Circuit Court in *Burbank*, providing SCE leave to file such claim when it is appropriate to do so, or allowing for discovery in this matter pursuant to *Public Power Council v. Johnson* . . . " SCE Motion, 14. Because this Court lacks jurisdiction over the subject matter of this case, that should be the end of the matter and this case should be dismissed.

Furthermore, the fact that this Court lacks jurisdiction does not mean the Court of Federal Claims obtains jurisdiction. As this Court noted in a similar context, "an absence of jurisdiction for the Ninth Circuit does not *ipso facto* create jurisdiction in the district court." *Pacific Power & Light v. Bonneville Power Administration*, 795 F. 2d 810, 815 (1986). At the very least, SCE must first follow the procedures set forth in the Contract Disputes Act, 41 U.S.C. § 605(a), before a claim can be properly filed in the Court of

Federal Claims. Those procedures require SCE to exhaust its administrative remedies by filing a claim with Bonneville to determine if its grievance can be resolved without judicial review. If the claim is denied, then SCE has the right to file a timely complaint in the Court of Federal Claims. 41 U.S.C. § 609(a). At this juncture, however, SCE has initiated no action under the Contract Disputes Act and has not filed a claim with Bonneville. As a result, the Court of Federal Claims is without jurisdiction.

SCE's only argument to support either a transfer to the Court of Federal Claims or an opinion stating jurisdiction is in the Court of Federal Claims appears to relate to the 90-day statute of limitations to challenge final actions under the Northwest Power Act. SCE Motion, 9-10; 16 U.S.C. § 839f(e)(5). SCE contends that it filed its petition for review "as a protective measure" to assure it would not have its claim barred by the 90-day statute. *Id.*, at 9. However, SCE concedes there is no final action under review. Therefore, there is no date that would start the 90-day clock running and the 90-day statute of limitations provides no reason for this Court to do anything other than dismiss this case outright.

### E. SCE's Request For Discovery And Extension Of The Briefing Schedule Should Be Denied.

In lieu of dismissing this case, SCE asks this Court for an order "allowing discovery in this matter pursuant to *Public Power Council v.*

*Johnson*, 674 F. 2d 79 (9th Cir. 1982)." SCE Motion, 14. SCE further moves for a suspension of the briefing schedule "to fully develop its case, including conducting discovery, participate in an evidentiary hearing respecting its damages, and to seek a damage award in the amount that makes SCE whole for BPA's breach." SCE Motion, 15. SCE's request for discovery and an extension of the briefing schedule should be denied.

SCE's request to suspend the briefing schedule is untimely and violates Ninth Circuit Rule 31-2. In accordance with Rule 31-2.2(b), any motion for an extension of time for filing briefs "must be filed at least 7 days before the expiration of the time prescribed for filing the brief, and shall be accompanied by a declaration" containing specific information described in Rule 31-2.2(b)(1) – (6). SCE's motion to suspend the briefing schedule, which is no different than a motion for an extension of time, was filed on the day SCE's brief was due. SCE's filed no pleadings in advance of the date for filing its brief to advise Bonneville or the Court that it would not file its brief. SCE's motion to suspend the briefing schedule was not accompanied by any declaration, as is required by Rule 31-2.2(b), and did not otherwise contain any of the information required by Rule 31-2.2(b)(1)-(6). As a result, SCE's motion to suspend the briefing schedule and obtain discovery should be rejected.

SCE's request for discovery is flawed in numerous other respects as well. Section 9(e)(2) of the Northwest Power Act describes the scope of this Court's review over final actions taken by Bonneville. In accordance with section 9(e)(2) of the Northwest Power Act, this Court's review of Bonneville final actions "shall be limited to the administrative record. . . " 16 U.S.C. § 839f(e)(2), and the scope of such review is governed by section 706 of the Administrative Procedures Act, 5 U.S.C. § 706. The administrative record was filed by Bonneville on September 7, 2001, and provides the exclusive basis for this Court's review of the challenged action.

In *Public Power Council*, this Court made a limited exception to section 9(e)(2)'s directive restricting judicial review to the administrative record. SCE's reliance on *Public Power Council* to support discovery is misplaced for numerous reasons.

First, in contrast to SCE, the petitioners in *Public Power Council* never conceded that this Court lacked jurisdiction over their claims. In *Public Power Council*, this Court granted the request for discovery in a case properly filed in this Court. In the instant case, SCE is asking for discovery in a case that SCE affirmatively argues this Court lacks jurisdiction to review. There is no precedent for this Court getting further embroiled in a case over which it lacks jurisdiction by granting discovery.

Second, in *Public Power Council*, this Court identified specific exceptions to the prevailing rule that judicial review of Bonneville final actions under section 9(e)(5) of the Northwest Power Act is limited to the administrative record. SCE has the burden of demonstrating that it falls within the scope of these limited exceptions. SCE fails to identify the applicable exceptions under *Public Power Council* or explain how this case falls within the scope of those exceptions. In short, SCE fails to carry its burden under *Public Power Council* to support its request for discovery.

Lastly, SCE's request for discovery, like SCE's motion to suspend the briefing schedule, is untimely. SCE's motion was filed on December 19, 2001, the same day that SCE was ordered by this Court to file its opening brief. SCE filed its petition for review on June 16, 2000 -- more than eighteen months ago. If SCE believed discovery was necessary, it had ample time to seek such relief. Similarly, the administrative record in this case was filed on September 7, 2001. If SCE believed the record was incomplete and discovery was required, it could have filed the appropriate pleadings. Instead, SCE moved for discovery on the very day its opening brief was due. This case stands in stark contrast to *Public Power Council*, where the issue of discovery was addressed in the early stages of the litigation and long before briefs were scheduled to be filed. SCE's dilatory

practice should not be encouraged and its eleventh hour request for discovery should be denied.

**F. This Case Should Be Dismissed For Failure To Prosecute.**

In addition to or in lieu of dismissing this case for lack of jurisdiction, this Court should dismiss for failure to prosecute, in violation of Circuit Rules 42-1 and 31-2.3. As noted above, this case was filed by SCE more than eighteen months ago. On October 15, 2001, in response to a joint motion by Bonneville and SCE to reset the briefing schedule, this Court ruled that SCE's opening brief was due on December 19, 2001. SCE failed to file its brief when ordered to do so and thereby failed to prosecute this case. Circuit Rule 42-1 provides "[w]hen an appellant fails to . . . file a timely brief . . . an order may be entered by the clerk dismissing the appeal."

Similarly, SCE's failure to file its brief violates Circuit Rule 31-2.3. In accordance with Rule 31-2.3 "[i]f the appellant fails to file a brief within the time allowed by FRAP 31(a) or an extension thereof, the court may dismiss the appeal pursuant to FRAP 31(c)." Accordingly, Circuit Rules 42-1 and 31-2.3 provides independent bases for this Court to dismiss the instant case.