## CONCLUSION

For the foregoing reasons, this case should be dismissed. This Court lacks jurisdiction over the subject matter of this case, and SCE's failure to file its brief violates Circuit Rules 31-2.3 and 42-1. In addition, this Court should deny SCE's motion to suspend the briefing schedule and request for discovery.

DATED: January 22, 2002

Respectfully submitted,

RANDY ROACH
Acting General Counsel
MARYBETH VAN BUREN
Assistant General Counsel
JON D. WRIGHT
Attorney
Bonneville Power Administration
P.O. Box 3621
Portland, OR 97208
503-230-4201

MICHAEL W. MOSMAN
United States Attorney
District of Oregon
THOMAS C. LEE
Senior Assistant U.S. Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204-2902
503-727-1008

DAVID J. ADLER
Special Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true copy of the ""BONNEVILLE POWER ADMINISTRATION'S (1) MOTION TO DISMISS FOR LACK OF JURISDICTION, OR IN THE ALTERNATIVE FOR FAILURE TO PROSECUTE, AND (2) RESPONSE TO SOUTHERN CALIFORNIA EDISON'S MOTION FOR CLARIFICATION OF JURISDICTION AND MOTION TO SUSPEND BRIEFING SCHEDULE." filed in *Southern California Edison Co. v. Bonneville Power Administration*, No. 00-70720, by either first class mail, upon each of the following:

Ann L. Fisher
AF Legal Consulting Services
1425 SW 20th, Suite 202
Portland, OR 97201

Attorney for SCE

Leon Bass, Jr., Senior Attorney
Southern California Edison Co.
2244 Walnut Grove Ave.
Rosemead, CA 91770

Attorney for SCE

Thomas C. Lee
Senior Assistant U.S. Attorney
U.S. Attorney's Office
1000 SW Third Avenue
Suite 600
Portland, OR 97204

Charles D. Siegal
Munger, Tolles & Olson LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560

Attorney for SCE

DATED: January 22, 2002

David J. Adler

DUPLICATE
ORIGINAL

02 FEB 19 AM 10: 49

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
FEB 11 2002
FILED
DOCKETED
DATE INITIAL

No. 00-70720

SOUTHERN CALIFORNIA EDISON COMPANY,

Petitioner,

FILED
FEB 11 2002
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

v.

BONNEVILLE POWER ADMINISTRATION,

Respondent.

BONNEVILLE POWER ADMINISTRATION'S REPLY TO SOUTHERN CALIFORNIA EDISON'S RESPONSE TO BONNEVILLE'S MOTION TO DISMISS

On January 23, 2002, the Bonneville Power Administration (Bonneville) moved to dismiss the instant case for lack of subject matter jurisdiction or in the alternative for failure to prosecute (hereafter referred to as Bonneville's Motion To Dismiss). Subsequent to filing Bonneville's motion to dismiss, Bonneville received service of this Court's Order, dated

January 18, 2002, in related case No. 01-70582. In that Order, this Court ruled that "[b]ecause, as the parties agree, this court lacks jurisdiction under the Northwest Power Planning and Conservation Act, 16 U.S.C. § 839, et seq., this matter is transferred, in the interests of justice, to the United States Court of Federal Claims. *See* 28 U.S.C. § 1631."

As pointed out in Bonneville's motion to dismiss, SCE and BPA agree this Court lacks jurisdiction over the subject matter of the instant case. *See* Bonneville Motion To Dismiss, 2, 5-6. The primary difference between the positions of SCE and BPA pertains to the requested relief. *Id.* Although Bonneville continues to believe this Court should dismiss this case as requested in Bonneville's January 23, 2002 motion to dismiss, Bonneville also believes that the instant case and related case No. 01-70582 should be treated in a consistent fashion. Accordingly, if this Court does not dismiss the instant case, Bonneville believes this Court should enter an order substantially identical to the order entered in No. 01-70582. However, Bonneville expressly preserves all jurisdictional arguments made by

Bonneville in its January 23, 2002 Motion To Dismiss, and in its previous Motion To Dismiss, filed August 2, 2001.

DATED: February 8, 2002

Respectfully submitted,

RANDY ROACH
Acting General Counsel
MARYBETH VAN BUREN
Assistant General Counsel
JON D. WRIGHT
Attorney
Bonneville Power Administration
P.O. Box 3621
Portland, OR 97208
503-230-4201

MICHAEL W. MOSMAN
United States Attorney
District of Oregon
THOMAS C. LEE
Senior Assistant U.S. Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204-2902
503-727-1008

DAVID J. ADLER
Special Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true copy of the "Bonneville Power Administration's Reply to Southern California Edison's Response to Bonneville's Motion to Dismiss" filed in *Southern California Edison Co. v. Bonneville Power Administration*, No. 00-70720, by first class mail, upon each of the following:

Ann L. Fisher
AF Legal Consulting Services
1425 SW 20th, Suite 202
Portland, OR 97201

Attorney for SCE

Leon Bass, Jr., Senior Attorney
Southern California Edison Co.
2244 Walnut Grove Ave.
Rosemead, CA 91770

Attorney for SCE

Thomas C. Lee
Senior Assistant U.S. Attorney
U.S. Attorney's Office
1000 SW Third Avenue
Suite 600
Portland, OR 97204

Charles D. Siegal
Munger, Tolles & Olson LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560

Attorney for SCE

DATED: February 8, 2002

[signature]
David J. Adler

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

02 FEB 19 PM 2:41

SOUTHERN CALIFORNIA EDISON COMPANY,

Petitioner,

vs.

STEPHEN J. WRIGHT, ACTING ADMINISTRATOR, BONNEVILLE POWER ADMINISTRATION; SPENCER ABRAHAM, SECRETARY, DEPARTMENT OF ENERGY; THE UNITED STATES OF AMERICA DEPARTMENT OF ENERGY ACTING BY AND THROUGH THE BONNEVILLE POWER ADMINISTRATION,

Respondents.

CASE NO. 00-70720

**FURTHER REPLY OF PETITIONER SOUTHERN CALIFORNIA EDISON COMPANY *TO CORRECT MISSTATEMENT OF FACT***

Bonneville Power Administration's ("BPA") Reply to Southern California Edison Company's ("SCE") Response to BPA's "renewed motion to dismiss" included an inaccurate statement of fact, to wit: that BPA and SCE "*agreed*" that jurisdiction of this matter properly belongs to the Court of Federal Claims. The statement is inaccurate in at least two respects. First, BPA, by reserving the right to raise jurisdictional issues with the Court of Federal Claims, evidences that it does not *agree* as represented that jurisdiction is with that Court. Second, SCE filed its motion for clarification in light of the Federal Circuit's ruling in *City of Burbank v. United States*, 273 F.3d 1370, 2001 U.S. App. LEXIS 26688, at *2-*3 (Fed. Cir. 2001). SCE asks the Court to dismiss this Petition only on the express finding that jurisdiction lies in the in Court of Federal Claims, after the prerequisites for jurisdiction in that Court have been met.

SCE hopes that this Court is not misled by BPA's casual use of the word "agree" to describe an issue upon which BPA reserves its right to *dis*agree with SCE. BPA should not be able to argue in the CFC that it lacks jurisdiction, after it affirmatively acquiesced in jurisdiction lying at the Court of Federal Claims in its filings with this Court. For the foregoing reasons and those stated in SCE's pleadings filed herein, SCE asks the Court to expressly state whether jurisdiction is

with this Court or with the Court of Federal Claims over the issues asserted in SCE's Petition.

DATED: February 14, 2002

Respectfully submitted,

Ann L. Fisher /JPH

Ann L. Fisher
Legal Consulting Services
1425 S.W. 20th, Suite 202
Portland, OR 97201
(503) 721-0181 (phone)
(503) 223-2305 (fax)
enerGlaw@aol.com

Leon Bass /JPH

Leon Bass, Jr., Senior Attorney
Southern California Edison Co.
2244 Walnut Grove Ave.
Rosemead, CA 91770
(626) 302-6967 (phone)
(626) 302-1922 (fax)
BassL@SCE.com

Attorneys for Petitioner
SOUTHERN CALIFORNIA
EDISON COMPANY

# PROOF OF SERVICE BY U.S. MAIL

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 33 New Montgomery Street, 19th Floor, San Francisco, California 94105-9781.

On February 14, 2002, I served the foregoing document described as:

**FURTHER REPLY OF PETITIONER SOUTHERN CALIFORNIA EDISON COMPANY *TO CORRECT MISSTATEMENT OF FACT*;**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

David J. Adler
Special Assistant U.S. Attorney
**BONNEVILLE POWER ADMINISTRATION**
905 N.E. 11th Avenue
Portland, OR 97208

Thomas C. Lee
Senior Assistant U.S. Attorney
**U.S. ATTORNEY'S OFFICE**
1000 SW Third Avenue
Suite 600
Portland, OR 97204

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2002, at San Francisco, California.

______________________________

Paula C. Douglas

**Department of Energy**

Bonneville Power Administration
P.O. Box 3621
Portland, Oregon 97208-3621

GENERAL COUNSEL

January 24, 2003

In reply refer to: LP-7

**VIA FACSIMILE AND REGULAR MAIL**

January 24, 2003

Leon Bass
Southern California Edison
2244 Walnut Grove Avenue, Room 359
Rosemead, CA 91770

Charles D. Siegal
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071

Dear Messrs. Bass and Siegal:

On May 13, 2002, Bonneville Power Administration ("BPA") received an undated administrative claim ("PNCA Conversion Claim") filed by Harold Ray on behalf of Southern California Edison ("SCE") under the Contract Disputes Act ("CDA") 41 U.S.C. §601. The claim is related to Contract No. DE-MS79-88BP 92275, the Sale and Exchange Agreement between BPA and SCE, dated July 12, 1988. BPA sent correspondence informing SCE that a decision regarding the claim would be issued no later than September 30, 2002. On July 23, 2002, BPA received a second administrative claim ("Option Capacity Claim") related to the Sale and Exchange Agreement. While the second claim is related to the option capacity feature of the contract, rather than conversion from sales mode to exchange mode, BPA consolidated the two claims into a single investigation for reasons of administrative efficiency and notified SCE of its intent to render a decision on both claims no later than January 31, 2003.

BPA's Office of General Counsel assists in the review of administrative claims in a number of ways, including analysis for jurisdictional and other threshold issues that might have a bearing on the proper disposition of the claim. The Office of General Counsel has reviewed SCE's Option Capacity Claim and concluded that it is not cognizable under the CDA. The basis of SCE's claim is stated in the submittal as follows:

> In 2000, BPA refused to provide Option Capacity to SCE unless SCE paid a **demand charge associated with a newly developed capacity without energy rate**. . . The demand charge BPA claims applies for this new product can be **found in section**

> **II.A.1.3.2 of the FPS-96R rate schedule. . . .** When BPA brought its expedited rate case to establish FPS-96R, it made it clear that the proposed rate applied to "[c]ertain BPA contracts executed prior to October 1, 1996," **which BPA stated was a rate applicable only to SCE.** (emphasis added)

While SCE tries elsewhere to characterize its claim as sounding in contract, SCE's submittal reveals that its claim is, in fact, a challenge to the development and implementation of the final rate determination made by the BPA Administrator in the FPS-96R Rate Proceeding. Challenges to BPA final actions, including challenges to BPA final rates or the implementation of such rates, are subject to the original and exclusive jurisdiction of the United States Court of Appeals for the Ninth Circuit, pursuant to section 9(e) of the Pacific Northwest Electric Power Planning and Conservation Act (Northwest Power Act) 16 U.S.C. §§ 839, 839f(e)(1). *See Puget Sound Energy v. Bonneville Power Administration*, 310 F.3d 613 (9th Cir. 2002) (Ninth Circuit review of BPA actions pursuant to statute "is incompatible with the remedies afforded by the CDA."); *Transmission Agency of Northern California v. Sierra Pacific Power Company, et al.*, 295 F.3d 918 (9th Cir. 2002) (Court of Federal Claims has jurisdiction over non-tort suits against BPA, but "that jurisdiction only exists where we lack exclusive jurisdiction under section 9(e)(5))."

As you can see, the two most up to date 9th Circuit opinions are highly relevant to the disposition of this case and they were issued only after SCE's administrative claim was filed. For that reason, the Office of General Counsel only recently had the opportunity to study the cases, discuss their significance, and then apply our understanding of the law in this particular instance. As a result of that review, the Office of General Counsel has concluded that it is not appropriate for SCE to file an administrative claim under the CDA in this instance, nor is it proper for BPA's Contracting Officer to issue an opinion on SCE's claim pursuant to the CDA.

Please feel free to contact me if I can be of further assistance.

Sincerely,

Jon D. Wright
Attorney

SOUTHERN CALIFORNIA
EDISON
An EDISON INTERNATIONAL℠ Company

Harold B. Ray
Executive Vice President

OGC
02 JUL 23 AM 10: 54

July 19, 2002

Stephen Wright, Administrator
Government Contracting Officer*
Bonneville Power Administration
905 NE 11th Avenue
Portland, OR 97232

**VIA FEDERAL EXPRESS**

Dear Mr. Wright:

This is a claim ("Claim") by Southern California Edison Company ("SCE") against the United States Department of Energy, acting by and through the Bonneville Power Administration ("BPA"), for breach of Contract No. DE-MS79-88BP 92275, the Sale and Exchange Agreement between BPA and SCE, dated July 12, 1988 (the "Contract"). Declaration of Robert Kendall, ¶ 4, Exhibit 1.

## I. EXECUTIVE SUMMARY

The Contract requires BPA to sell SCE energy and capacity under specific terms and conditions. Under the Contract, SCE has an option to purchase 250 MW of capacity ("Option Capacity") from June to October in addition to the base energy and capacity available to SCE under the Contract, at a price based upon the published demand charge in the applicable surplus firm power rate schedule. Beginning in 2000, BPA refused to sell the Option Capacity to SCE at the Contract rate. Instead, it purported to substitute another rate that is not the demand charge component of the applicable surplus firm power rate, but is the demand charge for a totally different product. During the relevant months, that charge ranged from 8 to 18 *times* higher than the proper rate. BPA is in breach of the Contract by refusing to sell the additional capacity to SCE pursuant to the terms and conditions required by the Contract.

The Contract provision that obligates BPA to sell the additional capacity to SCE is found in Paragraph 12 of the Contract. That Provision states in pertinent part:

---

* Mr. Wright is the current contract officer who has replaced the officer who executed the Contract at issue.

P. O. Box 800
8631 Rush St.
Rosemead, CA 91770
626-302-1695
Fax 626-302-2782

(12) Option Capacity and Option Energy

Bonneville shall have the obligation to provide Option Capacity to Edison and Edison shall have the obligation to provide Option Energy to Bonneville.

(a) Option Capacity.

Upon Edison's request, and in addition to other obligations under this Agreement, Bonneville shall provide 250 MW of capacity to Edison on the same delivery terms as Peaking Energy specified in section 7(a). For any year in which such capacity is requested, Bonneville shall make the Option Capacity available for the 5-month delivery period of June through October and Edison shall pay for such capacity.

. . .

(3) Edison shall return to Bonneville the energy provided with the Option Capacity unless Bonneville elects to have Edison pay for the energy at the rate specified in section 9(2)(1). If Edison returns the energy, Edison shall make deliveries as specified in section 7(b).

(4) Edison shall pay for Option Capacity at the *demand charge* associated with the contract rate of Bonneville's SP-87 rate schedule or if the SP-87 rate schedule is no longer in effect, a successor rate schedule. The Parties' Authorized representatives may agree upon another applicable rate schedule.

(Emphasis added.)

Pursuant to subsection (4) above, the charge for capacity can be no more than the Demand Charge of the Contract Rate associated with the successor rate to SP-87, a surplus firm power rate. BPA admits that the FPS-96 rate schedule is the successor rate schedule to SP-87. Declaration of Virginia Grosz ¶ 3, Exhibit 4 at 2, 4. Therefore, under the plain language of the Contract, the Demand Charge of $0.87/kW-month in the FPS-96 rate schedule applies here.