**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SOUTHERN CALIFORNIA EDISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 03-2869C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the Court, the parties jointly submit the following preliminary status report:

(a) Plaintiff believes that the Court possesses jurisdiction to entertain this action. Defendant moved to dismiss the action as falling within the exclusive jurisdiction of the Court of Appeals for the Ninth Circuit; the Court has denied this motion.

(b) The case should not be consolidated with any other case.

(c) At this time, the parties do not believe bifurcation of liability and damages is necessary.

(d) Proceedings in this case should not be deferred pending another case.

(e) The parties do not anticipate seeking a remand or suspension.

(f) The parties do not anticipate the joinder of additional parties.

(g) The parties have discussed whether the submission of motions pursuant to Rule 56 of the Rules of this Court will be beneficial to the resolution of this matter; however, at this time, the parties have not made a final decision in this regard, preferring to conduct discovery before making such a determination.

(h) The relevant factual and legal issues have been more fully addressed in the briefing papers related to the Government's motion to dismiss, as well as the Court's decision denying that motion. Summarily, the factual and legal issues remaining, following the Court’s denial of defendant’s jurisdictional assertions, are as follows, as set forth by the parties:

(1) Plaintiff

(A) Whether Defendant breached the contract when it refused to permit Plaintiff to purchase Option Capacity at the rate specified as the Contract Rate Demand Charge (section II.A.1.1.1) in Defendant’s rate schedule FPS-96R; and

(B) If so, the amount of damages that flowed from Defendant’s breach.

(2) Defendant

(A) Whether Defendant's issuance of FPS-96R was consistent with Defendant's contractual right to revise rates or rate schedules referenced in the contract. See Contract § 12; Appendix B, § 2(a); and

(B) To the extent Defendant breached the contract, whether plaintiff can establish damages as a result of the breach.

(i) The parties have had discussions regarding settlement and will continue to explore the possibility of settlement throughout the course of this litigation.

(j) At this time, the parties anticipate the this matter may proceed to trial, but the results of discovery may alter this view.

(1) Plaintiff believes that because of the limited number of issues and witnesses, the case may proceed quickly to trial. It proposes: Fact discovery will be concluded on or before April 1, 2006. Any expert reports will be exchanged by May 1, 2006, with depositions of experts being completed before June 1, 2006.

(2) Defendant proposes: Fact discovery will be concluded on or before June 30, 2006. Any expert reports will be exchanged by August 15, 2006, with

depositions of experts being completed before September 15, 2006.

(k) The parties are not aware of any special issues regarding electronic case management.

(l) The parties are not aware of any additional information of which the Court should be aware.

Respectfully submitted,

s/Charles D. Siegal
CHARLES D. SIEGAL
MARSHA HYMANSON
Munger, Tolles & Olson LLP
355 South Grand Avenue
35th Floor
Los Angeles, California
90071-1560
Tele: (213) 683-9181

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

S/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

Attorneys for Defendant

Dated: January 9, 2006