IN THE

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SOUTHERN CALIFORNIA EDISON,<br>Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 03-2869C<br>(Judge Lettow) |

**NOTICE OF AMENDMENT TO A FACTUAL RECITATION**

Plaintiff Southern California Edison ("SCE") hereby submits an amendment to statements made at oral argument on Defendant's Motion to Dismiss. At pages 54, line 10 through 55, line 15 of the Transcript of the hearing held on September 21, 2005 on the Defendant's Motion to Dismiss, SCE's counsel discussed the fact that the Option Capacity rate set forth in the Contract that is the subject of this dispute had never gone through the statutory steps to make it a rate. SCE's counsel also stated, at page 55:4-6, that "the SP-87 rate schedule was developed before Bonneville and Edison had a contract." That statement is correct.

Counsel continued: "Edison was not a rate payer under that provision at the time it was developed." *Id*. at 55:6-8. That statement was wrong. The statement was made in September 2005 following a diligent search to verify the facts presented to the Court. However,

on January 27, 2006, Defendant produced its RCFC Rule 26 initial production of documents to SCE. After reviewing those documents, SCE's counsel realized that documents produced by Defendant indicated that SCE had, in fact, objected to many of the rates in the Bonneville Power Administration ("BPA") 1987 rate case, including the SP-87 rate schedule. Subsequent investigation determined that the persons at SCE today who were most likely to have knowledge of whether SCE had purchased under SP-87 in the 1987 time-frame were unaware of the fact. SCE's counsel then contacted a former employee of SCE, who had worked there during the 1987 rate case, and discovered, for the first time, that SCE had made purchases under the predecessor rate schedule to SP-87 (SP-85), in order to give SCE standing to object in the 1987 rate case to this and other schedules.

It remains accurate to state, as SCE has, that the Option Capacity terms of the Contract that are at issue here were *not* negotiated until the year *following* the development of the 1987 rates, including SP-87.[1]

In its November 10, 2005 Opinion on Defendant's Motion to Dismiss, this Court cited the hearing transcript of September 21, 2005, to support the following statement:

> Although SCE had not participated in the rate-making proceeding in 1987 that resulted in the SP-87 rate schedule, Hr'g Tr. 55:4-15, it was aware of the terms of that rate schedule when it was incorporated by reference into the Contract as executed in October 1988.

1/10/2005 Opinion at 5. As discussed above, the documents in Defendant's possession show that SCE did participate in the 1987 rate-making proceedings, but did not and could not participate in 1987 as a purchaser of Option Capacity, which did not yet exist.

---

[1] As stated in SCE's Opposition to Defendant's Motion to Dismiss at page 21, "At the time the Contract was executed, SCE, *as a purchaser of Option Capacity*, was not an intended rate payer of the already existing SP-87 rate." (Emphasis added.) This was due to the fact that, at the time the demand charge associated with the contract rate in the SP-87 rate schedule was developed, Option Capacity did not exist.

RESPECTFULLY SUBMITTED,

s/ Charles D. Siegal

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9181
Facsimile: (213) 687-3702
**COUNSEL OF RECORD FOR PLAINTIFF SOUTHERN CALIFORNIA EDISON**

DATED: March 6, 2006

**OF COUNSEL:**

Leon Bass, Jr.
SOUTHERN CALIFORNIA EDISON
2244 Walnut Grove Avenue, Room 359
Rosemead, CA 91770
Telephone: (626) 302-6967
Facsimile: (626) 569-4145

Marsha Hymanson
MUNGER, TOLLES & OLSON LLP
355 South Grand Ave.
35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9502
Facsimile: (213) 687-3702

Notice of Filing

I hereby certify that on March 6, 2006, a copy of the foregoing NOTICE OF AMENDMENT TO A FACTUAL RECITATION was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court' electronic filing system. Parties may access this filing through the Court's system.

s/Charles D. Siegal