**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SOUTHERN CALIFORNIA EDISON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 03-2869C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSE**

For its amended answer to the complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first and second sentences of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 1. The allegation contained in the third sentence of paragraph 1 constitutes plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegations contained in the fourth sentence of paragraph 1.

2. Admits the allegations contained in the first and second sentences of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 2. The allegations contained in the third, fourth and fifth sentences of paragraph 2 constitute

conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in the first and sixth sentences of paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 4 that “a petition for review was filed in the Ninth Circuit” to the extent supported by the petition cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the motion cited, which is the best evidence of its content; otherwise denies the allegations contained in the third sentence of paragraph 4. Admits the allegations contained in the fourth sentence of paragraph 4 to the extent supported by the response cited, which is the best evidence of its content; otherwise

denies the allegations contained in the fourth sentence of paragraph 4. Admits the allegations contained in the fifth sentence of paragraph 4 to the extent supported by the court order cited, which is the best evidence of its content; otherwise denies the allegations contained in the fifth sentence of paragraph 4.

5. Admits the allegation contained in the first sentence of paragraph 5 that SCE dismissed its action in this Court to the extent supported by the motion to dismiss and order cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 5 for of lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5. The allegations contained in the third sentences of paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 6. Admits the allegations contained in the second sentence of paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6. The allegations contained in the third, fourth, fifth and sixth sentences of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the seventh and eighth sentences of paragraph 6 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 7. Admits the allegations contained in the second and third sentences of paragraph 7 to the extent supported by the motion to strike cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the administrative hearing record cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8. Defendant avers that the administrator did not participate in the hearing cited in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 that BPA is a Federal agency within the Department of Energy created by Congress; otherwise denies the allegations contained in paragraph 15. Defendant avers that the BPA was created in 1937. See Bonneville Project Act of 1937, 50 Stat. 731.

16. Admits the allegations contained in first, third, fourth and fifth sentences of paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, third, fourth and fifth sentences of paragraph 16. The allegation contained in the second sentence of paragraph 16 constitutes plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

17. Admits the allegations contained in the first sentence of paragraph 17 to the extent supported by the SP-87 rate schedule cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second

and third sentences of paragraph 17 to the extent supported by the rate schedules cited, which is the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 17. Admits the allegations contained in the fourth and fifth sentences of paragraph 17 to the extent supported by the FPS-96 rate schedule cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth and fifth sentences of paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the January 15, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first, second and third sentences of paragraph 19 to the extent supported by the February 12, 1999 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second and third sentences of paragraph 19. Admits the allegations contained in the fourth sentence of paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20. Admits the allegations contained in the second sentence of paragraph 20 that BPA's manager for the contract was quoted in the publication "Clearing Up" that "OK, fine - take it at 87 cents for one year, and we'll adjust the rate and make it

prohibitively expensive in the future" to the extent supported by the publication cited, which is the best evidence of its contents; the remaining allegations contained in the second sentence of paragraph 20 consist of conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Defendant avers that when SCE inquired about purchasing the Option Capacity product identified in the contract for the period June through October 2000, Bonneville indicated that the proper rate for that product was contained in the rate schedule FPS-96R.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the Federal Register and contract cited, which is the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 22. The allegations contained in the second and fourth sentences of paragraph 22 constitute conclusions of law

and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 22 to the extent supported by the contract cited, which is the best evidence of its content; otherwise denies the allegations contained in the third sentence of paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegation contained in the first sentence of paragraph 24 that “[t]he demand charge of $.87/kW-month in the FPS-96 rate schedule is listed as Rate 1.1.1 of the FPS-96R schedule” to the extent supported by the rate schedules cited, which are the best evidence of their contents; the remaining allegations contained in the first sentence of paragraph 24 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second, third and fourth sentences of paragraph 24.

25. Defendant incorporates by reference its answers to paragraphs 1 through 24 above.

26. Admits the allegations contained in paragraph 26 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies.

31. Denies.

32. Denies.

33. Denies that plaintiff is entitled to the relief requested, including that relief requested in the numbered list 1 through 4 under its request for relief, or to any relief whatsoever.

34. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

1. Plaintiff failed to mitigate its damages.

WHEREFORE, defendant requests that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

S/David M. Cohen
DAVID M. COHEN
Director

S/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorneys for Defendant

OF COUNSEL:

JON D. WRIGHT
RICHARD A. GREENE
Office of the General Counsel
Bonneville Power Admin.
901 N.E. 11th Avenue
Portland, OR 97232

August 11, 2006

Notice of Filing

I hereby certify that on August 11, 2006, a copy of the foregoing defendant's first amended answer and affirmative defense was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Martin F. Hockey, Jr.